Filed 2/28/24  In re K.C. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re K.C., a Person Coming Under the Juvenile Court Law. | B332167 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. C.C., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 18CCJP02683A) |

APPEAL from an order of the Superior Court of Los Angeles County, Lucia J. Murillo, Temporary Judge. Conditionally reversed with directions.

Maryann M. Goode, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel and Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

Elizabeth Genatowski, Children's Law Center 1, for minor.

———————————

C.C. (father) appeals from the October 3, 2023 order terminating his parental rights to K.C. (minor) under Welfare and Institutions Code section 366.26.[1]  We conditionally reverse and remand.  Father contends that the juvenile court and the Los Angeles County Department of Children and Family Services (Department) did not comply with their obligations under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).  Father, the Department, and minor have stipulated to a limited reversal and a remand to the juvenile court to permit proper compliance with ICWA and related California law.  We accept the parties' stipulation.

Our ability to accept a stipulated reversal and remand in the dependency context is discussed in *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.  The present case involves reversible error because the parties agree, and we concur, there was noncompliance with ICWA and related California provisions.  (*In re K.R.* (2018) 20 Cal.App.5th 701, 706–709; see also *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)  Because this case would be subject to conditional reversal to permit compliance with ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the

—————————————

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

interests identified by Code of Civil Procedure section 128, subdivision (a)(8). That is to say, we find the interests of non-parties or the public are not adversely affected by our acceptance of the stipulation and the remand will not erode public trust or reduce the incentive for pretrial settlement. (See *In re Rashad H.*, *supra*, at pp. 379–382; see also *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329–1330.)

## DISPOSITION

The juvenile court's October 3, 2023 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and the matter is remanded to the juvenile court for the limited purpose of complying with ICWA and related California law. The juvenile court is directed to re-appoint counsel for the parents and order the Department to (1) interview all known and available paternal and maternal relatives to obtain information on the family's lineage and Native American heritage; (2) document its efforts in a report to the court; (3) complete the ICWA-030 notice form; and (4) send the ICWA-030 notice form to the Coast Miwok and Pomo and any other relevant federally recognized tribes. After the court has found the Department's notice efforts to comply with ICWA and related California law, if no tribe had indicated minor is an Indian child, the juvenile court shall re-instate the order terminating parental rights; if any tribe indicates the child is an

Indian Child, the juvenile court shall proceed in accord with the ICWA.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.


MOOR, Acting P. J.


We concur:


KIM, J.


LEE, J.*


---

\*     Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.